**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| **THERESA MUNROE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:22-cv-171-SNLJ** |
| ) | |
| **GILSTER-MARY LEE CORPORATION,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

Plaintiff Theresa Munroe brought this negligence lawsuit against defendants Gilster-Mary Lee Corporation ("Gilster") and Gilster's employee, Howard M. Baker, Jr.. Defendants have moved to strike Paragraphs 56, 67, 84, and 97 pursuant to Federal Rule of Civil Procedure 12(f) and to dismiss plaintiff's Petition for failure to state a claim pursuant to Rule 12(b)(6) [Doc. 12]. The motion has been fully briefed and is ripe for disposition.

## I.    Factual Background

Plaintiff alleges that she and defendant Baker were involved in an automobile accident in Perry County, Missouri. Plaintiff alleges that Baker negligently caused the accident and that he and his employer, defendant Gilster, are liable for damages plaintiff sustained in the accident. Plaintiff alleges defendant Gilster is vicariously liable as Baker's employer. Plaintiff also claims Gilster is liable for negligence per se, independent negligence, direct negligence for negligent hiring/retention, direct

negligence for negligent training, and direct negligence for negligent supervision and retention.  Defendants now moves to dismiss and strike certain claims.

## II.    Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). In addressing a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *United States ex rel. Ambrosecchia v. Paddock Laboratories, LLC*., 855 F.3d 949, 954 (8th Cir. 2017).  A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the prior "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." *Id.* at 555. However, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Cole v. Homier Distributing Co., Inc*., 599 F.3d 856, 861 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Federal Rule of Civil Procedure 12(f) states that the Court "may strike from a pleading...any...immaterial...matter...on motion made by a party."  Because they propose a drastic remedy, motions to strike are not favored and are infrequently granted. *Stanbury Law Firm, P.A. v. Internal Revenue Service*, 221 F.3d 1059, 1063 (8th Cir. 2000).  Nonetheless, resolution of such a motion lies within the broad discretion of the Court.  *Id.*

A matter in a complaint will not be stricken unless it clearly can have no possible bearing on the subject matter of the litigation.  2 James W. Moore, *et al.*, *Moore's Federal Practice* § 12.37[3] (3d ed. 2009).  If there is any doubt whether the matter may raise an issue, the motion should be denied.  *Id.*  If allegations are redundant or immaterial, they should be stricken only if prejudicial to the moving party.  *Id.*  A prayer for relief not available under the applicable law is properly subject to a motion to strike. *Id.*; *see, e.g.*, *Spinks v. City of St. Louis Water Div.*, 176 F.R.D. 572, 574 (E.D. Mo. 1997) (striking claim for punitive damages against municipality); *Brokke v. Stauffer Chem. Co.*, 703 F. Supp. 215, 222 (D. Conn. 1988) (striking claim for punitive damages under ERISA); *Chambers v. Weinberger*, 591 F. Supp. 1554, 1557-58 (N.D. Ga. 1984) (striking liquidated damages claim in ADEA action against the federal government).

## III.   Discussion

Defendant Gilster moves to dismiss the direct claims against it because Gilster has admitted *respondeat superior* liability—Gilster admits Baker was acting in the course and scope of his employment with Gilster at the time of the accident, and Gilster thus

3

argues that direct claims against Gilster are thereby improper.  Indeed, the Missouri

Supreme Court held that "once an employer has admitted *respondeat superior* liability

for a driver's negligence, it is improper to allow a plaintiff to proceed against the

employer on any other theory of imputed liability." *McHaffie by and through McHaffie*

*v. Bunch*, 891 S.W.2d 822, 826 (Mo. *banc* 1995).

Plaintiff points out that *McHaffie* also includes an exception to the general rule.

The *McHaffie* court stated,

> it may be possible that an employer or entrustor may be held liable on a
> theory of negligence that does not derive from and is not dependent on the
> negligence of an entrustee or employee.  In addition, it is also possible that
> an employer or an entrustor may be liable for punitive damages which would
> not be assessed against the employee/entrustee.

*Id.*; *Wilson v. Image Flooring, LLC*, 400 S.W.3d 386, 392-93 (Mo. App. W.D. 2013)

(recognizing "punitive damages exception"). Although the Missouri Supreme Court has

not yet opined on the matter, the Court of Appeals in *Wilson* observed,

> The rationale for the Court's holding in *McHaffie* was that, where vicarious
> liability was admitted and none of the direct liability theories could prevail
> in the absence of proof of the employee's negligence, the employer's liability
> was necessarily fixed by the negligence of the employee. *McHaffie,* 891
> S.W.2d at 826. Thus, any additional evidence supporting direct liability
> claims could serve only to waste time and possibly prejudice the defendants.
> *Id.*
>
> The same cannot be said, however, when a claim for punitive damages based
> upon the direct liability theories is raised. If an employer's hiring, training,
> supervision, or entrustment practices can be characterized as demonstrating
> complete indifference or a conscious disregard for the safety of others, then
> the plaintiff would be required to present additional evidence, above and
> beyond demonstrating the employee's negligence, to support a claim for
> punitive damages. Unlike in the *McHaffie* scenario, this evidence would have
> a relevant, non-prejudicial purpose. And because the primary concern in

> *McHaffie* was the introduction of extraneous, potentially prejudicial evidence, we believe that the rule announced in *McHaffie* does not apply where punitive damages are claimed against the employer, thus making the additional evidence both relevant and material.

*Wilson*, 400 S.W.3d at 393.  *Wilson* went on to instruct that, "to invoke the punitive damages exception to the rule in *McHaffie,* a plaintiff must plead sufficient facts to support a claim for punitive damages." *Id.* at 394.

Plaintiff and defendant agree that plaintiff has included claims against Gilster for punitive damages stemming from negligence, negligent hiring/retention, and negligent supervision/retention. [Doc. 8 ¶ 56, 67, 84, 97.]  For example, plaintiff includes in her claims that Gilster's conduct was "willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public." [*E.g.*, Doc. 8 at ¶ 56.]  Plaintiff argues that the exception outlined in *Wilson* thus applies to allow plaintiff to bring separate claims against Gilster because she includes punitive damages claims that would not otherwise be available.

Defendant, apparently anticipating plaintiff's invocation of the exception, also moves to strike plaintiff's punitive damages allegations pursuant to a relatively new Missouri statute, Section 510.261 RSMo.  That statute prohibits plaintiffs from including punitive damages claims in initial petitions.  § 510.261 RSMo.  Instead, the statute requires plaintiffs to obtain leave of court to add a prayer for punitive damages.  *Id.* Defendant argues that because plaintiff's petition included the punitive damages allegations when filed, it was in violation of Section 510.261, and the punitive damages allegations must be stricken.  As a result, defendant concludes, the separate claims

against Gilster may also be stricken because they no longer contain punitive damages claims.

According to Section 510.261 RSMo, "[n]o initial pleading in a civil action shall contain a claim for a punitive damage award.  Any later pleading containing a claim for a punitive damage award may be filed only with leave of the court."  The Federal Rules of Civil Procedure include no such provision.  Plaintiff argues that this Court should apply the Federal Rules of Civil Procedure and not the state statute's rule.  "A federal court exercising diversity jurisdiction should not apply a state law or rule if (1) a Federal Rule of Civil Procedure 'answer[s] the same questions' as the state law or rule and (2) the Federal Rule does not violate the Rules Enabling Act."  *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333 (D.C. Cir. 2015) (quoting *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010)).  When the federal rule satisfies both of those requirements, courts need not "wade into *Erie's* murky waters."  *Shady Grove*, 559 U.S. at 398.

The question here is what claims for relief plaintiff is allowed to include in her initial pleading.  Federal Rule of Civil Procedure 8 governs the requirements of a pleading in federal court.  As indicated above, Rule 8 does not bar claims for punitive damages from inclusion in a complaint.  In fact, Rule 8 requires that a complaint contain both "a short and plain statement of the claim showing that the pleader is entitled to relief" and a "demand for the relief sought."  Fed. R. Civ. P. 8(a)(2) and (3).  Section 510.261(5) and Rule 8 thus answer the same question—i.e., may punitive damages be

included in an initial complaint?—in opposite ways.  Section 510.261 answers "no, never," and Rule 8 answers "yes, always."  *See Kilburn v. Autosport Acquisitions, LLC*, No. 1:20 CV 211 ACL, 2021 WL 307550, at *1–2 (E.D. Mo. Jan. 29, 2021).

Next, this Court must determine whether Rule 8 is valid under the Rules Enabling Act, 28 U.S.C.  § 2072.

> The Rules Enabling Act empowers the Supreme Court to "prescribe general rules of practice and procedure and rules of evidence" for the federal courts, 28 U.S.C. § 2072(a), but...such rules "shall not abridge, enlarge or modify any substantive right" *id.* § 2072(b). *Id.* A rule is properly categorized as procedural if it "really regulates procedure[.]" *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941).

*Kilburn*, 2021 WL 307550 at *2.  Although the availability of punitive damages is as a remedy is certainly a matter of substantive rights, the mechanism for pleading punitive damages is procedural.   Rule 8 regulates procedure, as it governs the pleading standard and content of a complaint.  *Id*.; *see also Bextermueller News Distributors v. Lee Enterprises, Inc.*, No. 4:22-CV-00344-SPM, 2023 WL 2187465, at *7 (E.D. Mo. Feb. 23, 2023) (collecting cases). Rule 8 is thus plainly valid under the Rules Enabling Act.  *Id.*

According to the Supreme Court's rule in *Shady Grove*, this Court must apply the federal rule, Rule 8, and not the state statute set forth in Section 510.261.  Rule 8 permits plaintiff to include punitive damages in her initial complaint.  Defendants' motion to strike the punitive damages allegations is thus denied, and the motion to dismiss direct claims against defendant Gilster is denied, as well.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss and strike [Doc.

12] is DENIED.

Dated this <u>1st</u> day of March, 2023.


_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE